WR-63,871-03
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/20/2015 3:46:53 PM
Accepted 10/20/2015 4:52:07 PM
ABEL ACOSTA
CLERK

## IN THE COURT OF CRIMINAL APPEALS
## FOR THE STATE OF TEXAS
## AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
10/20/2015
ABEL ACOSTA, CLERK

| | | |
|---|---|---|
| **EX PARTE** | § | |
| | § | |
| | § | **NO. WR-63,871-03** |
| | § | |
| **TIMOTHY RANDAL THOMPSON** | § | |

### WRIT NO. C-2-010289-0764908-B
### TRIAL COURT NO. 0764908D

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE CRIMINAL DISTRICT** |
| | § | |
| | § | **COURT NUMBER TWO** |
| | § | |
| **TIMOTHY RANDAL THOMPSON** | § | **TARRANT COUNTY, TEXAS** |

### REPLY TO STATE'S RESPONSE TO
### APPLICANT'S SUPPLEMENTAL HABEAS CORPUS CLAIM

**COMES NOW** TIMOTHY RANDAL THOMPSON, Applicant, and files this Reply to State's Response to Applicant's Supplemental Habeas Corpus Claim and would show these Courts the following:

## I.

In his supplemental application for habeas corpus relief, Applicant raised a claim that his due process rights were violated because the state presented false testimony from a police crime scene investigator at Applicant's trial. Forensic scientific testing conducted after Applicant's trial demonstrates the falsity of the testimony beyond any doubt.

## II.

The state, in its response, argues that the testimony from the crime scene investigator was not false because "he merely testified about the search he conducted and what he did or did not find in searching the floors." (Response, pp. 5-6). This is an outrageous mischaracterization and minimization of the testimony. The investigator went to great lengths to describe the thorough search of Applicant's house. The point of the extensive testimony about the search was to prove that there were no bullet holes or bullets in the house and, accordingly, Applicant lied when he said he fired warning shots in an effort to keep the complainant from attacking him. To act as if the experienced crime scene investigator was merely negligent or sloppy in conducting his investigation rather than recognizing he lied about the investigation elevates the desire to uphold a conviction over the prosecutor's duty to seek justice. *See*, TEX. CODE CRIM. PROC. ANN. Art. 2.01.

## III.

The false testimony from the crime scene investigator completely gutted Applicant's defense at trial. The falsity should not be swept under the carpet and hidden just like the bullets and bullet holes that were hidden by the investigator. Applicant is entitled to a new trial because of the egregious violation of his due process rights.

Respectfully submitted,

_____
ROBERT N. UDASHEN, P.C.
Bar Card Number 20369600

BRUCE ANTON
Bar Card Number 01274700

SORRELS, UDASHEN & ANTON
2311 Cedar Springs Road, Suite 250
Dallas, Texas 75201
(214) 468-8100
(214) 468-8104 fax

Attorneys for Applicant

## CERTIFICATE OF SERVICE

A copy of the attached Reply to State's Response to Applicant's Supplemental Habeas Corpus Claim was electronically delivered to the Tarrant County Criminal District Attorney's Office, Appellate Division, 401 West Belknap, Fort Worth, Texas 76196, on October, 20, 2015.

_____
ROBERT N. UDASHEN, P.C.